959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STERLING SAVINGS ASSOCIATION, a state-chartered savings
association, Plaintiff-Appellee,
v.
T. Timothy RYAN, Director, Office of Thrift Supervision, in
his own official capacity and as successor in interest to
the Federal Home Loan Bank Board; Federal Deposit Insurance
Corporation, in its own capacity and as successor in
interest to the Federal Saving and Loan Insurance
Corporation, Defendants-Appellants.
 No. 91-35101.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1992.*
Decided April 14, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court issued a preliminary injunction preventing the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC) from requiring Sterling Savings Association to comply with the minimum capital requirements established by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. 101-73, 103 Stat. 183 (1989). Sterling contended it was exempt from these requirements because of pre-FIRREA agreements it had made with the Federal Savings and Loan Insurance Corporation. The OTS and FDIC filed this appeal.
 
 
 3
 After the district court's ruling, we decided Far West Federal Bank v. Director, OTS, 951 F.2d 1093 (9th Cir.1991), which holds that the stricter capital requirements in FIRREA apply to thrift institutions notwithstanding prior agreements by the government such as the agreements alleged by Sterling. See also Guaranty Financial Services, Inc. v. Ryan, 928 F.2d 994 (11th Cir.1991) (same); Franklin Federal Savings Bank v. Director, OTS, 927 F.2d 1332 (6th Cir.1991) (same). A thrift's remedy against the government, if any, is not an injunction against the enforcement of FIRREA but damages for breach of contract or for a taking of property. See, e.g., Winstar Corp. v. United States, 21 Cl.Ct. 112 (1990) (suit for compensation based on FIRREA's stricter capital requirements).
 
 
 4
 Sterling attempts to distinguish Far West on two grounds. First, Sterling argues it requested an exemption from the new capital requirements, and the OTS was required to grant such an exemption to preserve the prior agreements. To the extent Sterling is arguing that thrifts with prior forbearance agreements are entitled to automatic exemptions from the FIRREA requirements, this contention is not consistent with Far West. If Sterling contends the OTS was required to grant its application for an exception for reasons apart from the existence of the prior agreements, it must present this argument first to the district court.
 
 
 5
 Sterling also attempts to distinguish Far West because some of its agreements with the government were signed in 1988 and therefore may fall within the coverage of section 501(a) of FIRREA. In Far West, however, we did not hold that agreements covered by section 501(a) are not superseded by FIRREA's stricter capital requirements. To the contrary, we rejected the argument that section 501(a), which requires reevaluation of some pre-FIRREA agreements, is inconsistent with FIRREA's stricter capital requirements applying to thrifts covered by pre-FIRREA forbearance agreements. Id. at 1098-99. Prior agreements are not "abrogated in their entirety by the passage of FIRREA." Id. at 1099. "[O]nly ... provisions in such agreements conflicting with FIRREA's capital standards and operating requirements are superseded." Id. Thus, even if Sterling's agreements are covered by section 501(a), Sterling is not exempt from FIRREA's stricter capital requirements.
 
 
 6
 We reject Sterling's argument that the Far West decision was dicta because the case was moot. See id. at 1096 n. 4 (rejecting motion to dismiss appeal as moot). We also reject Sterling's suggestion that this panel overrule Far West. A prior published decision of this circuit may be overruled only in an en banc proceeding. United States v. Washington, 872 F.2d 874, 880 (9th Cir.1989).[1]
 
 
 7
 Because we hold the FIRREA capital requirements apply to Sterling, we need not address the other issues presented for review.
 
 
 8
 We vacate the district court's preliminary injunction and remand for proceedings consistent with this opinion.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sterling has suggested initial hearing of this case en banc so it can argue that Far West was wrongly decided and should be overruled. Such suggestions "must be made by the date on which the appellee's brief is filed," F.R.A.P. 35(c), and Sterling's suggestion is therefore untimely. Sterling is free to suggest rehearing en banc. Guidance on the proper procedure for doing so is provided by the Circuit Advisory Committee Note to Circuit Rules 35-1 to 35-3